**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shelly Rae Weiner,<br><br>            Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of the Social Security Administration,<br><br>            Defendant. | No. CV 12-00598-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's appeal from the Administrative Law Judge's denial of Plaintiff's Title II application for disability insurance benefits.

**I.     PROCEDURAL BACKGROUND**

On May 5, 2009, Plaintiff Shelly Rae Weiner filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income with the Commissioner of the Social Security Administration (the "Commissioner"). (Record Transcript ("TR") 18). Both applications alleged that Plaintiff's disability began on April 2, 2008. (*Id*.). Plaintiff's claims were denied initially on October 1, 2009, and upon reconsideration they were denied again on April 1, 2010. (*Id*.).

On May 19, 2010, Plaintiff filed a request for a hearing with an Administrative Law Judge ("ALJ"). (*Id*.). Plaintiff appeared and testified before the ALJ on June 13, 2011. (*Id*.). On July 22, 2011, the ALJ issued a decision finding that Plaintiff suffered from severe atrial fibrillation; epilepsy; chronic lower back and cervical disorders;

rheumatoid arthritis; scoliosis; obesity; bipolar disorder; and depressive disorder. (TR 20). However, the ALJ found that Plaintiff was not disabled under the Social Security Act because she retained the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy. (TR 27). Accordingly, the ALJ denied Plaintiff's claim for disability insurance benefits. (TR 28).

Following the ALJ's denial of Plaintiff's claim, Plaintiff filed an appeal with the Appeals Council, Office of Hearings and Appeals, Social Security Administration. On January 24, 2012, the Appeals Council denied review of the ALJ's decision. (TR 1).

On March 21, 2012, Plaintiff filed her Complaint for judicial review of the Commissioner's decision denying her claim for disability insurance benefits with this Court, which is the subject of this appeal. (Doc. 1). On September 25, 2012, Plaintiff filed an opening brief (the "Brief") asking the Court to remand the case for determination of benefits. (Doc. 17 at 24-25). In the Brief, Plaintiff argues that the Court should remand the matter for three primary reasons: because (1) the ALJ erred by implicitly rejecting medical opinion evidence, (2) the ALJ erred by rejecting Plaintiff's testimony in the absence of clear and convincing evidence to do so, and (3) the ALJ erred by finding Plaintiff had the mental capacity to perform unskilled work. (*Id*. at 15-24).

## II.   LEGAL STANDARD

The Commissioner's decision to deny benefits will be overturned "only if it is not supported by substantial evidence or is based on legal error." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (quotation omitted). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

"The inquiry here is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984) (citation omitted). In determining whether there is substantial evidence to support a decision, this Court considers the record as a whole, weighing both the evidence that supports the ALJ's conclusions and

the evidence that detracts from the ALJ's conclusions. *Reddick*, 157 F.3d at 720. "Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld; and in reaching h[er] findings, the ALJ is entitled to draw inferences logically flowing from the evidence." *Gallant*, 753 F.2d at 1453 (citations omitted). If there is sufficient evidence to support the Commissioner's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990). The ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Thus, if on the whole record before this Court, substantial evidence supports the Commissioner's decision, this Court must affirm it. *See Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989); *see also* 42 U.S.C. § 405(g).

### A.   Definition of Disability

To qualify for disability benefits under the Social Security Act, a claimant must show, among other things, that she is "under a disability." 42 U.S.C. § 423(a)(1)(E). "The mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (citing *Sample v. Schweiker*, 694 F.2d 639, 642–43 (9th Cir. 1982)). Disability has "a severity and durational requirement for recognition under the [Social Security] Act that accords with the remedial purpose of the Act." *Flaten v. Sec'y of Health & Human Svcs.*, 44 F.3d 1453, 1459 (9th Cir. 1995).

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A person is "under a disability only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id*. at §

423(d)(2)(A).

"A claimant bears the burden of proving that an impairment is disabling." *Matthews*, 10 F.3d at 680 (quoting *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985)). Thus, "[t]he applicant must show that [s]he is precluded from engaging in not only h[er] 'previous work,' but also from performing 'any other kind of substantial gainful work' due to such impairment." *Id*. (quoting 42 U.S.C. § 423(d)(2)(A)).

### B.     Five-Step Evaluation Process

The Social Security regulations set forth a five-step sequential process for evaluating disability claims. 20 C.F.R. § 404.1520; *see also Reddick*, 157 F.3d at 721 (describing the sequential process). A finding of "not disabled" at any step in the sequential process will end the ALJ's inquiry and the claim will be denied. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof at the first four steps, but the burden shifts to the ALJ at the final step. *Reddick*, 157 F.3d at 721.

The five steps are as follows:

First, the ALJ determines whether the claimant is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled.

Second, if the claimant is not gainfully employed, the ALJ determines whether the claimant has a "severe medically determinable physical or mental impairment." 20 C.F.R. § 404.1520(a)(4)(ii). A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id*. at § 404.1520(c). Basic work activities means the "abilities and aptitudes to do most jobs." *Id*. at § 404.1521(b). Further, the impairment must either be expected "to result in death" or "to last for a continuous period of twelve months." *Id*. at § 404.1509 (incorporated by reference in 20 C.F.R. § 404.1520(a)(4)(ii)). The "step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

Third, having found a severe impairment, the ALJ next determines whether the impairment "meets or medically equals the criteria of any of the listings in the Listing of

Impairments in appendix 1, subpart P of 20 CFR part 404 (appendix 1)." SSR 12-2p, 2012 WL 3104869 at *6 (July 25, 2012). If so, the claimant is found disabled without considering the claimant's age, education, and work experience. 20 C.F.R.§ 404.1520(d).

When a claimant's impairments do not meet or equal a listed impairment under appendix 1, the ALJ will assess a claimant's Residual Functional Capacity ("RFC"). SSR 12-2p at *6. The ALJ bases the RFC assessment on all relevant evidence in the case record. *Id*. The ALJ considers the effects of all of the claimant's medically determinable impairments, including impairments that are not severe. *Id*.

At steps 4 and 5, the ALJ uses the RFC assessment to determine whether the claimant is capable of doing any past relevant work (step 4) or any other work that exists in significant numbers in the national economy (step 5). *Id*.; 20 C.F.R. § 404.1520(a). If the person is able to do any past relevant work, the ALJ will find that he or she is not disabled. *Id*. If the person is not able to do any past relevant work or does not have such work experience, the ALJ determines whether he or she can do any other work. *Id*. The usual vocational considerations apply (age, education, and work experience). *Id*.; 20 C.F.R. § 404.1520(g)(1). If the claimant can make an adjustment to other work, then she is not disabled. If the claimant cannot perform other work, she will be found disabled. As previously noted, the ALJ has the burden of proving the claimant can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

With regard to steps 1-5 in this case, the ALJ found that Plaintiff: (1) had satisfied the first step and had not engaged in substantial gainful activity since April 2, 2008 (TR 20); (2) had fulfilled the second step and shown that she had the following severe impairments: atrial fibrillation; epilepsy; chronic lower back and cervical disorders; rheumatoid arthritis; scoliosis; obesity; bipolar disorder; and depressive disorder (*id*.); (3) with regard to the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments specifically listed in the regulations (TR 21), and therefore, the ALJ determined Plaintiff's RFC and found she had the capacity to perform sedentary work as defined by the regulations with some restrictions (TR 22); (4) as a result of this

analysis, the ALJ found at the fourth step that Plaintiff is "unable to perform any past relevant work" as a Credit and Collection Manager (TR 27). At the last step (5), however, the ALJ found that given Plaintiff's age, education, work experience, and RFC, Plaintiff is capable of making a successful adjustment to other work and performing jobs that exist in significant numbers in the national economy. (*Id*.). Thus, the ALJ found that Plaintiff was not disabled as defined in the Social Security Act. (TR 28).

**III.   ANALYSIS**

Plaintiff offers three reasons why the Court should remand this case for disability benefits. Specifically, Plaintiff argues that the ALJ committed procedural error by (1) rejecting medical opinion evidence without addressing it (Doc. 17 at 15-17), (2) by rejecting Plaintiff's symptom testimony without giving clear and convincing reasons for doing so (*id*. at 17-22), and (3) by finding Plaintiff had the mental capacity to perform unskilled work (*id*. at 22-24).

**A.   Whether the ALJ Erred by not Addressing Certain Medical Opinion Evidence**

First, Plaintiff argues that the ALJ failed to articulate the weight accorded to medical opinion evidence regarding Plaintiff's impairments when the ALJ determined Plaintiff's RFC. In determining Plaintiff's RFC, the ALJ discussed the medical assessments of neurologist George Wang, M.D. (TR 22-23, 25), the assessment of the New Arizona Family center (TR 23), the assessment of licensed psychologist Wayne R. General, Ph.D. (TR 23-24), the x-rays taken of Plaintiff's spine (TR 24), the assessment of internist Richard Palmer, M.D. (*id*.), the assessment of nurse practitioner Katerine Kazaka, PMHNP (TR 25), and the results of Plaintiff's myocardial perfusion study (*id*.). However, Plaintiff argues that the ALJ erred by failing to address one of Dr. General's conclusions and the pain questionnaire filled out by nurse practitioner Wendy Longchamps. (Doc. 17 at 15). Dr. General concluded that Plaintiff's "prognosis for returning to work force is unlikely to occur until she can improve upon and stabilize her emotional condition . . . ." (TR 679). NP Longchamps' answers to form questions stated

that Plaintiff's pain is moderately severe, meaning the "[p]ain seriously affects ability to function," and that Plaintiff frequently "experience[s] deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner." (TR 264-65). Plaintiff contends that the vocational expert, Linda P. Tolley, M.S., testified that these limitations, assessed by NP Longchamps and Dr. General, would preclude sustained work and when the ALJ failed to address the questionnaire and Dr. General's prognosis in finding that Plaintiff could perform sedentary work, the ALJ committed procedural error. (Doc. 17 at 15).

In making a determination of disability, the ALJ must develop the record and interpret the medical evidence. *See Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996). An ALJ must assess a claimant's RFC "based on all the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). In doing so, the ALJ must consider the "combined effect" of all the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *Id.* § 416.923. "However, in interpreting the evidence and developing the record, the ALJ does not need to 'discuss every piece of evidence.'" *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (citations omitted) (affirming district court's holding that the ALJ was not required to discuss every piece of evidence and that the ALJ's decision was supported by substantial evidence). "[E]vidence that is neither significant nor probative" does not need to be discussed. *Id.* Further, the ALJ does not need to weigh conclusions couched as medical opinions. "A statement by a medical source that [a claimant] is 'disabled' or 'unable to work'" are not medical opinions. 20 C.F.R. § 404.1527(d)(1). These are "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e. that would direct the determination or decision of disability." *Id.* § 404.1527(d). The Court must determine "whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Gallant*, 753 F.2d at 1453.

In this case, the ALJ was not required to address the two particular pieces of

evidence at issue to reach her decision. Dr. General's conclusion—that Plaintiff's prognosis for returning to work is unlikely—is an issue reserved to the Commissioner. The ALJ did not need to address it because it was the ALJ's responsibility to determine whether Plaintiff could return to the work force. With regard to NP Longchamps' questionnaire, "an ALJ may permissibly reject a check-off report that does not contain any explanation" of the bases of the examiner's conclusions. *Martel v. Colvin*, C 11-02961 CRB, 2013 WL 1196879, at *5 (N.D. Cal. Mar. 25, 2013) (citing *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir.1996)). The form NP Longchamps filled out is entitled Pain Functional Capacity (RFC) Questionnaire. (TR 264). It is six questions long and each question has prewritten answers for the evaluator to check-off such as [ ] None; [ ] Mild; [ ] Moderate; [ ] Moderately Severe; and [ ] Severe. (*Id*.). The questionnaire does not contain any notes or explanations supplementing the form or answers. The Court finds this is the type of evidence the Ninth Circuit Court of Appeals has allowed ALJ's to reject in the past. *See e.g.*, *Martel*, 2013 WL 1196879, at *5. Plaintiff's argument is unpersuasive; that this evidence is somehow enhanced and given greater weight in light of the record as a whole because the vocational expert cited this form and Dr. General's statement as the basis for testifying that Plaintiff was precluded from sustained work. Plaintiff's argument is belied by the fact that, as the ALJ cited in her decision, the vocational expert expressly testified that Plaintiff "would be able to perform the requirements of representative occupations such as Lens-Block Gauger . . . Table Worker . . . or as an Addresser." (TR 28). Accordingly, the Court finds the ALJ did not commit a procedural error by not addressing one of Dr. General's conclusions and NP Longchamps' questionnaire in the process of finding Plaintiff was not disabled under the Social Security Act.

  **B.**  **Whether the ALJ Properly Weighed Plaintiff's Testimony**

Next, Plaintiff argues that the ALJ failed to properly weigh her subjective complaints. (Doc. 17 at 17-22). Plaintiff argues that the ALJ must give clear and convincing reasons supported by substantial evidence in the record for rejecting her

testimony. (*Id*. at 17). However, to reject the subjective testimony of a claimant, the ALJ must only make specific findings based on the record. The District Court of California has addressed this issue in a well-reasoned opinion and this Court has adopted that Court's reasoning before in concluding that to the extent there is actually any principled distinction between the two standards, the ALJ must make specific findings supported by the record to explain his credibility evaluation.[1]

---

[1] The District Court of California set forth its reasoning as follows:

> In *Bunnell*, the court addressed confusion regarding the standard for evaluating the credibility of subjective complaints and endorsed the standard set forth in *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir.1986), *Varney v. Secretary of Health and Human Services*, 846 F.2d 581, 583–584 (9th Cir.1988) and *Gamer v. Secretary of Health and Human Services*, 815 F.2d 1275, 1279 (9th Cir.1987). *Bunnell*, 949 F.2d at 345. The so-called "*Cotton* standard" requires the claimant to produce objective medical evidence of an underlying impairment that is reasonably likely to be the cause of the alleged pain. Once that evidence is produced, the adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence fully corroborating the alleged severity of the pain. *Bunnell*, 949 F.2d at 343, 345 (citing *Cotton*, 799 F.2d at 1407). Rather, the adjudicator must "specifically make findings which support this conclusion. These findings, properly supported by the record, must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Bunnell*, 949 F.2d at 345–46 (internal citation and quotation omitted).
>
> Some subsequent decisions have stated that, unless there is affirmative evidence that a claimant is malingering, the ALJ must articulate "clear and convincing" reasons for rejecting subjective complaints. *See, e.g., Morgan v. Commissioner of the Social Security Administration*, 169 F.3d 595, 599 (9th Cir.1999); *Regennitter v. Commissioner of the Social Security Administration*, 166 F.3d 1294, 1296 (9th Cir.1999); *Reddick*, 157 F.3d at 722; *Light*, 119 F.3d at 792;

- 9 -

*Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995); *Smolen*, 80 F.3d at 1284; *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir.1995); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993). Other decisions state that the ALJ must make specific findings based on the record, but do not use the "clear and convincing" formula. *See, e.g., Meanel v. Apfel*, 172 F.3d 1111, 1113–14 (9th Cir.1999); *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir.1998); *Chavez v. Department of Health and Human Services*, 103 F.3d 849, 853 (9th Cir.1996); *Byrnes v. Shalala*, 60 F.3d 639, 641–42 (9th Cir.1995); *Moncada*, 60 F.3d at 524; *Orteza v. Shalala*, 50 F.3d 748, 749–50 (9th Cir.1995) (per curiam); *Flaten v. Secretary of Health and Human Services*, 44 F.3d 1453, 1464 (9th Cir.1995).

The "clear and convincing" language appears to have been derived from *Swenson v. Sullivan*, 876 F.2d 683 (9th Cir.1989), which states that "[t]he Secretary's reasons for rejecting excess symptom testimony must be clear and convincing if medical evidence establishes an objective basis for some degree of the symptom and no evidence affirmatively suggests that the claimant was malingering." *Swenson*, 876 F.2d at 687 (citing *Gallant v. Heckler*, 753 F.2d 1450, 1455 (9th Cir.1984)). In *Gallant*, however, the court did not hold, or even affirmatively state, that an ALJ is required to provide "clear and convincing" reasons for rejecting excess pain testimony whenever there is no evidence of malingering. Instead, the court merely observed that no witness had testified that the claimant was malingering, that "[n]o clear and convincing reasons were provided by the ALJ" for his rejection of the claimant's testimony, and that the evidence relied on by the ALJ for his credibility evaluation was "insubstantial." *Gallant*, 753 F .2d at 1455, 1456.

*Bunnell* did not cite either *Gallant* or *Swenson*, and neither *Bunnell* nor the cases it did cite with approval (that is, *Cotton*, *Varney*, and *Gamer*) use the "clear and convincing" formula. It thus appears that the "clear and convincing" standard is an unwarranted elaboration of the substantial evidence standard of review, and that it was not part of the *Cotton* test adopted in *Bunnell*, where the en banc court attempted to clarify the

- 10 -

Turning to the ALJ's decision in this case, the Court finds the ALJ did in fact make specific findings supported by the record in explaining why she disregarded Plaintiff's subjective complaints. The ALJ explained that she considered Plaintiff's allegations as required by 20 C.F.R. §§ 404.1529(c), 416.929(c) and Social Security Ruling 96-7p, 1996 WL 374186 (July 2, 1996). (TR 25). The ALJ then expressly found Plaintiff's statements were "not totally credible" for ten specific reasons. (*Id*.).

First, the ALJ found Plaintiff's statements were undermined by the fact that she lives alone and her daily "activities do not indicate a disabling level of impairment." (TR 26). The ALJ cites a list of activities from the record that Plaintiff engages in on a daily basis. (*Id*.). *See Matthews*, 10 F.3d at 679-80 (Ninth Circuit Court of Appeals upheld ALJ's rejection of claimant's subjective complaints where ALJ found claimant's performance of daily activities like housecleaning, light gardening, and shopping undermined claimant's assertion of disabling pain.).

Second and third, the ALJ cited that the record showed Plaintiff was taking her medications and not suffering from any adverse side effects. (TR 26). Fourth, the ALJ cited that the record showed that while Plaintiff stated she had no desire to work and had not worked since March 2008, she planned to try to start back to work if her physical condition permitted. (*Id*.).

The fifth, sixth, and seventh reasons the ALJ explained were that Plaintiff's spinal

---

> law. Any difference between the standards may be more apparent than real. There does not appear to be any principled distinction between the two standards as they have been applied. To the extent that there is or may be a conflict, however, *Bunnell* must control since it was an en banc decision. Accordingly, this Court will adhere to *Bunnell's* requirement that the ALJ make "specific findings" supported by the record to explain his credibility evaluation, rather than imposing the arguably more exacting "clear and convincing" requirement suggested by *Morgan* and its predecessors.

*Ballard v. Apfel*, No. CV 99-2195-AJW, 2000 WL 1899797, at *2 (C.D. Cal. Dec. 19, 2000).

x-rays showed no signs of total disability. (*Id.*). The eighth reason was because treatment notes from the psychiatric nurse practitioner that Plaintiff saw stated that Plaintiff was working. (*Id.*). The ninth reason was that no physician that Plaintiff ever saw opined that listing level limitations were ever met or equaled. (*Id.*). Finally, the tenth reason the ALJ cited was because Plaintiff's subjective complaints of disabling pain were not supported by the objective medical evidence in Plaintiff's medical record. (*Id.*).

The ALJ has met the legal standard for discounting Plaintiff's subjective complaints. All the ALJ was required to do was make specific findings based on the record. The Court finds the ALJ's credibility finding was a "reasonable interpretation" of the evidence and was explicitly supported by the record, accordingly, "it is not [the Court's] role to second-guess it." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (citing *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989)). Therefore, the ALJ did not err in rejecting Plaintiff's subjective complaints.

### C. Whether the ALJ Erred by Finding Plaintiff had the Mental Capacity to Perform Unskilled Work

Finally, Plaintiff argues that the ALJ erred by limiting Plaintiff to unskilled work without expressing function-by-function findings regarding her mental RFC. (Doc. 17 at 22). In determining Plaintiff's RFC, the ALJ expressly found that Plaintiff "would be limited to the performance of unskilled work." (TR 22). The basic mental demands of unskilled work include the abilities to understand, remember, and carry out simple instructions; to make simple work-related decisions; to respond appropriately to supervision, co-workers, and usual work situations; and to deal with changes in a routine work setting. SSR 96-9p, 1996 WL 374185 at *9 (July 2, 1996). The ALJ cited SSR 96-8p, 1996 WL 374184 (July 2, 1996), as part of the process she would use in determining Plaintiff's mental capacity and in arriving at her conclusion. (TR 21). Social Security Ruling 96-8p states the policies regarding the assessment of a claimant's RFC. However, "[t]he ALJ is not required, as [Plaintiff] contends, to engage in a function-by-function analysis under SSR 96–8p. SSR 96–8p requires only that the ALJ discuss how evidence

supports the residual function capacity assessment and explain how the ALJ resolved material inconsistencies or ambiguities in evidence . . . ." *Mason v. Comm'r of Soc. Sec.*, 379 F. App'x 638, 639 (9th Cir. 2010). Accordingly, Plaintiff's argument is unfounded. The ALJ made her decision based on the record as a whole and cited the valid parts of the record supporting her decision throughout her analysis. (TR 22-26). The Court finds the ALJ has met the legal standard in finding that Plaintiff retained the mental capacity to perform unskilled work.

## IV.    CONCLUSION

Accordingly, the ALJ did not err in finding that Plaintiff was not disabled within the meaning the Social Security Act.

Based on the foregoing,

**IT IS ORDERED** that the decision of the Administrative Law Judge is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly. The judgment will serve as the mandate of this Court.

Dated this 9th day of July, 2013.

James A. Teilborg
Senior United States District Judge